# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN BLAKESLEE, | : | |
|     Plaintiff, | : | |
| vs. | : | C.A. No.:  14-187S |
| | : | |
| RICHARD ST. SAUVEUR, JR., | : | |
| in his capacity as Chief of the | : | |
| Police Department of the Town | : | |
| of Smithfield, Rhode Island; | : | |
| RANDY R. ROSSI, in his capacity | : | |
| as the Finance Director for the Town | : | |
| of Smithfield, Rhode Island; | : | |
| and PETER KILMARTIN, in his | : | |
| capacity as Attorney General for the | : | |
| State of Rhode Island | : | |
|     Defendants | : | |

## ATTORNEY GENERAL'S RESPONSE TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes Defendant, Peter Kilmartin, in his capacity as Attorney General for the State of Rhode Island (the "Attorney General"), and hereby responds to Plaintiff, John Blakeslee's, Motion for Summary Judgment as set forth in the accompanying Memorandum of Law.

WHEREFORE, the Attorney General respectfully requests that the Honorable Court enter such judgment in this civil action as justice may require.

                                                Respectfully submitted,

                                                DEFENDANT,

                                                By his Attorney,

                                                PETER F. KILMARTIN
                                                ATTORNEY GENERAL

                                                <u>/s/ Thomas A. Palombo</u>

                                                Thomas A. Palombo Bar No. 4212
                                                Assistant Attorney General
                                                150 South Main Street
                                                Providence, RI  02903
                                                TEL: (401) 274-4400, Extension 2296

## **CERTIFICATE OF SERVICE**

  I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorney of record on this 23rd day of September, 2014.

**Mark W. Freel, Esquire**
Cooperating Attorney
American Civil Liberties Union of RI
Edwards Wildman Palmer LLP
2800 Financial Plaza
Providence, RI 02903
TEL: (401) 274-9200


**Edmund L. Alves, Jr., Esquire**
**Mary C. Dunn, Esquire**
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
TEL:  (401) 831-8900

              */s/ Thomas A. Palombo*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN BLAKESLEE,**           Plaintiff, :  <br> vs.                                  : <br>                                      : <br> **RICHARD ST. SAUVEUR, JR.,**        : <br> in his capacity as Chief of the      : <br> Police Department of the Town        : <br> of Smithfield, Rhode Island;         : <br> **RANDY R. ROSSI,** in his capacity   : <br> as the Finance Director for the Town : <br> of Smithfield, Rhode Island;         : <br> and **PETER KILMARTIN,** in his       : <br> capacity as Attorney General for the : <br> State of Rhode Island                : <br>           **Defendants**          : | C.A. No.: 14-187S |

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE ATTORNEY GENERAL'S RESPONSE**
**TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant, Peter Kilmartin, in his capacity as Attorney General for the State of Rhode Island (the "Attorney General"), responds to Plaintiff Blakeslee's Motion for Summary Judgment as follows:

In early 2013, the Attorney General dismissed a Smithfield Police misdemeanor criminal charge for an alleged violation of the subject statute based on the U.S. Supreme Court's holding in McIntyre v. Ohio Elections Commission, 514 U.S. 334 (1995), that a similar Ohio statute was unconstitutional. In April 2014, Plaintiff Blakeslee, a Smithfield resident, filed the instant civil action against Smithfield and the Attorney General, alleging that he desires to engage in anonymous advocacy, but faces a threat of criminal prosecution. See Complaint, Paragraphs 1, 8-9 and 20.

Blakeslee challenges the constitutionality of R.I. Gen. Laws § 17-23-2 – Signature of posters, fliers, and circulars. This statute criminalizes anonymous campaign posters designed to injure or defeat a candidate by criticizing personal character or political action, or designed to aid, injure or defeat any question submitted to the voters. Id.

In <u>McIntyre v. Ohio Elections Commission</u>, Mrs. McIntyre prepared and distributed unsigned leaflets concerning a proposed school tax levy, was found to have violated an Ohio statute, and was given a $100 fine.  514 U.S. at 337-38.  The Ohio Supreme Court had affirmed the fine.  <u>Id</u>. at 339.  The Supreme Court granted certiorari on this issue:  "whether and to what extent the First Amendment's protection of anonymity encompasses documents intended to influence the electoral process."  514 U.S. at 344.

The <u>McIntyre</u> Court reached back to an earlier case that pronounced:  "'Anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind. … [p]ersecuted groups and sects from time to time throughout history have been able to criticize oppressive practices and laws either anonymously or not at all.'"  <u>McIntyre</u>, 514 U.S. at 342 (*citing* <u>Talley v. California</u>, 362 U.S. 60, 64 (1960)).  Moreover, the Court "reminded us that even the arguments favoring the ratification of the Constitution advanced in the Federalist Papers were published under fictitious names."  514 U.S. at 342 (*citing* <u>Talley</u>, 362 U.S. 64-65).

The Attorney General cannot distinguish the Supreme Court's holding in <u>McIntyre v. Ohio Elections Commission</u>, that an Ohio statute prohibiting distribution of anonymous campaign literature violated the First Amendment.  There are obvious similarities between the language of the Ohio statute and R.I. Gen. Laws § 17-23-2.  To again quote from <u>McIntyre</u>:  "It is a regulation of pure speech."  514 U.S. at 345.  However, in our State, one who violates the statute is guilty of a misdemeanor crime.

Given First Circuit precedent, the Attorney General cannot stipulate that the statute is unconstitutional.  <u>See</u> <u>National Revenue Corp. v. Attorney General</u>, 807 F.2d 285, 288 (1st Cir. 1986).  Accordingly, the Attorney General respectfully informs the Court that, in his opinion, based on the U.S. Supreme Court's holding in <u>McIntyre v. Ohio Elections Commission</u>, the challenged statute – R.I. Gen. Laws § 17-23-2 – is constitutionally-flawed.  <u>See</u> 807 F.2d at 288.

        Respectfully submitted,

        DEFENDANT,

        By his Attorney,

        PETER F. KILMARTIN
        ATTORNEY GENERAL

        /s/ Thomas A. Palombo

        Thomas A. Palombo Bar No. 4212
        Assistant Attorney General
        150 South Main Street
        Providence, RI  02903
        TEL: (401) 274-4400, Extension 2296

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.  I have also caused a copy to be sent via the ECF system to the following attorney of record on this 23rd day of September, 2014.

**Mark W. Freel, Esquire**
Cooperating Attorney
American Civil Liberties Union of RI
Edwards Wildman Palmer LLP
2800 Financial Plaza
Providence, RI 02903
TEL: (401) 274-9200


**Edmund L. Alves, Jr., Esquire**
**Mary C. Dunn, Esquire**
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
TEL:  (401) 831-8900

        */s/ Thomas A. Palombo*