```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
JOHN BLAKESLEE,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    C.A. No. 14-187 S
                                    )
RICHARD ST. SAUVEUR, JR., in his    )
capacity as Chief of the Police     )
Department of the Town of           )
Smithfield, Rhode Island;           )
RANDY R. ROSSI, in his capacity     )
as Finance Director for the Town    )
of Smithfield, Rhode Island; and    )
PETER KILMARTIN, in his capacity    )
as Attorney General for the State   )
of Rhode Island,                    )
                                    )
            Defendants.             )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Pending before the Court is Plaintiff John Blakeslee's unopposed Motion for Summary Judgment (ECF No. 13). For the reasons set forth below, the motion is GRANTED.

The facts of this case are clear. Plaintiff has previously distributed anonymous written materials expressing his views on issues of social and political concern. He wishes to do the same in the future. However, Rhode Island General Laws § 17-23-2 seemingly stands in Plaintiff's way. This statute, passed

first in 1923 and last amended in 1975, states (and we are not making this up):

> No person shall intentionally write, print, post, or distribute, or cause to be written, printed, posted, or distributed, a circular, flier, or poster designed or tending to injure or defeat any candidate for nomination or election to any public office, by criticizing the candidate's personal character or political action, or designed or tending to aid, injure, or defeat any question submitted to the voters, unless there appears upon the circular, flier, or poster in a conspicuous place the name of the author and either the names of the chairperson and secretary, or of two (2) officers, of the political or other organization issuing the poster, flier, or circular, or of some voter who is responsible for it, with the voter's name and residence, and the street and numbers, if any.

R.I. Gen. Laws § 17-23-2. Plaintiff brought the instant lawsuit challenging the constitutionality of this statute. Perhaps not surprisingly, none of the named Defendants (including the Attorney General of Rhode Island, whose constitutional and statutory mandate is to defend acts of the General Assembly, R.I. Const. art. IX, § 12, and R.I. Gen. Laws §§ 42-9-6 and 9-30-11) have stepped forward to oppose this lawsuit. See also State v. Lead Indus. Ass'n, 951 A.2d 428, 473 (R.I. 2008) (describing the "broad powers and responsibilities" of the Attorney General "pursuant to the Rhode Island Constitution, several Rhode Island statutes, and the common law").

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, all parties recognize that United States Supreme Court precedent dictates that Plaintiff's motion should be granted. McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995). In McIntyre, the Supreme Court invalidated a similar Ohio law, which had prohibited anonymous political pamphleteering. Id. at 357 ("Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent. Anonymity is a shield from the tyranny of the majority." (citations omitted)).

As noted above, none of the Defendants have opposed this motion, and for good reason. Instead, the Attorney General of Rhode Island filed a response indicating that his office was unable to distinguish McIntyre from the facts presented here.[1] Quoting McIntyre, the Attorney General noted that R.I. Gen. Laws § 17-23-2 "is a regulation of pure speech." Id. at 345. It is hard to imagine what the Rhode Island General Assembly was

---

[1] The Rhode Island Attorney General correctly observed that he may not stipulate to the unconstitutionality of a statute. Nat'l Revenue Corp. v. Violet, 807 F.2d 285, 288 (1st Cir. 1986) ("For an attorney general to stipulate that an act of the legislature is unconstitutional is a clear confusion of the three branches of government; it is the judicial branch, not the executive, that may reject legislation. This is not to say that at a full-dress review an attorney general may not inform the court that, in his opinion, a statute is flawed . . . but this would be in the context that the court was to make the final, considered ruling." (citations omitted)).

thinking when it passed this law 90 years ago, or when it amended it 40 years ago, but that matters little at this point; the Court agrees with the Plaintiff and Attorney General and finds that the statute must be invalidated as a violation of the First Amendment of the United States Constitution.

For the reasons stated above, Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
Chief Judge
Date: October 7, 2014